UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRANDON WILLIAM JOHNSON, | ) | CASE NO. 1:07 CV 1347 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| STUART HUDSON, | ) | |
| | ) | |
| Respondent. | ) | |

On May 9, 2007, pro se petitioner Brandon William Johnson filed the above-captioned petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Johnson, who is incarcerated at the Mansfield Correctional Institution (MCI) in Mansfield, Ohio, filed this action against Stuart Hudson, Warden at MCI. On June 22, 2007, he filed an amendment to his petition and a "Motion for Monetary Damages for Sanctions Under (RICO)18 U.S.C. §1961 - 1968 et seq." He "demands that all of his PROPERTY/TITLES be returned to him, the Flesh-And-Blood-Sovereign-American-Man, and that Petitioner's Petition be granted without delay." (Mot. Damages at 5.)

*Background*

Mr. Johnson states he was "deemed incompetent and signed an agreement (a form of confession) without full understanding or disclosure as that incompetent, was sent to prison to be the "SURETY" for the Defendant/Debtor." (Pet. at 2.) He claims, in part, that as a "surety" he is

liable for the "payment of another's debt or the performance of another's 'obligation'." (Pet. at 4.) It is his contention that the defendant has willfully and intentionally sought to deprive him of his liberty. Moreover, this restraint has resulted in a deprivation of his right to free political expression under the First Amendment and his Fifth Amendment right to due process.

There are no coherent details regarding the legal basis upon which Mr. Johnson asserts his claims. He does state he is "a natural born, free living, breathing, flesh and blood human with sentiment and moral existence, a real man upon the soil, a juris et de jure, also known as a Sovereign American and an Inhabitant." (Pet. at 1.) As his basis for relief he sets forth the following: **"Ground One**: Jurisdiction;" "**Ground Two**: Constructive Contracts;" and "**Ground Three**: Ineffective Assistance of Counsel." It is his contention that he never would have entered into a "Consensual Contract that would have deprived Petitioner of his Constitutional rights of (1781). Therefore, Petitioner did not have any equal protections of the Law pursuant to the U.S. Constitution of (1781). Thereby Petitioner is being deprived of enjoying Laws which are being enjoyed by other Sovereign Americans, and is also being detained under un-Constitutional statute(s) or ordinance that of (1781)."(Pet. at 13.) For the reasons stated below, the petition is denied and this action dismissed.

*28 U.S.C. § 2241*

Although Mr. Johnson filed this petition under 28 U.S.C. §2241, he cannot evade the requirements imposed by § 2254. The Sixth Circuit has held:

> If a state prisoner has been convicted in state court, is thereby incarcerated, and then files a § 2241 petition complaining about the condition or circumstances of that incarceration, then logic tells us that the person is detained because of a process issued (a conviction) by a state court. When it is clear that the detention results from a state court conviction, the habeas petition arises from the genesis of custody--the state conviction.

Greene v. Tennessee Dep't of Corrections, 265 F.3d 369, 372 (6th Cir. 2001); see James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002) ("[A] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."). A petition for habeas relief pursuant to § 2254 is proper as long as the original cause of incarceration was the judgment of a state court. A prisoner also may bring an action pursuant to § 2241, but this change of statute does not change the nature of the action:

> [W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

Greene, 265 F.3d at 371 (quoting with approval Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)). Thus, Mr. Johnson may bring his petition pursuant to § 2241 as well as § 2254, but he must comply with the exhaustion requirements of § 2254 in either case. See Coleman v. Thompson, 501 U.S. 722, 731 (1991)(requiring state prisoner bringing a federal habeas action to show that he exhausted available state remedies); Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(concerning a § 2241 petition filed by a state prisoner).

Mr. Johnson has failed to provide any indication that he has exhausted his state remedies. Instead, he claims his "de-facto Writ of Habeas Corpus is all for naught." (Pet. at 2.) While he launches his argument from the position that "the United States put its insurance Policy into place with House Joint Resolution 192(2) of June 5, 1933 and recorded it in the Congressional record, and since then the judicial system has been operating under the Bankruptcy/Commercial Law and there is no remedy in their de-facto military Courts" (Pet.at 2), it is wholly unintelligible; and,

3

he does not address the issue of exhaustion. Without this information, this action cannot proceed.

*Unexhausted Claims Without Merit*

Normally, a petitioner's failure to exhaust state court remedies requires dismissal of the entire petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982)(holding that a federal district court must dismiss a state habeas petitioner's writ containing both unexhausted and exhausted claims). However, where "the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion," exhaustion may be excused. Cain v. Redman, 947 F.2d 817, 820 (6th Cir.1991), cert. denied, 503 U.S. 922.  In the instant case, the petition simply fails to set forth coherent, cognizable grounds for relief.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: July 26, 2007                           s/John R. Adams
                                              JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE

4